

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2009

# Adam Cosgrove v. Gregory Cappachella

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3923

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Adam Cosgrove v. Gregory Cappachella" (2009). *2009 Decisions*. Paper 1672.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1672

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-119                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-3923

_____

ADAM DON COSGROVE,
                                                    Appellant
                                v.

GREGORY CAPPACHELLA

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 08-cv-00190)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 26, 2009

Before:    SLOVITER, FUENTES AND JORDAN, Circuit Judges

(Opinion filed: March 26, 2009)

_____

OPINION

_____

PER CURIAM

        Appellant Adam Don Cosgrove, a resident of Bedford, Pennsylvania, was serving

a sentence for a parole violation in the Cambria County Prison when, on September 22,

2006, he was shot by Correctional Officer Gregory Cappachella as this officer attempted

to subdue an out-of-control inmate. According to the federal civil rights complaint Cosgrove subsequently filed in United States District Court for the Western District of Pennsylvania, he was locked in his cell when a fellow inmate commenced to beating one of the guards; the inmate handcuffed that guard behind his back, and dragged him around the day room by his arms. This inmate dropped his "hostage" in front of Cosgrove's cell and that's where the inmate was standing when the "C.E.R.T." team came running onto the cell block.[1] C.E.R.T. Officer Cappachella opened fire on the inmate, missing him, but hitting Cosgrove in the shoulder and neck. Cosgrove alleged in his complaint that he had permanent damage to his left shoulder and he suffers from post-traumatic stress disorder as a result of Officer Cappachella's unconstitutional use of excessive force. He sought money damages in the amount of $3.5 million.

The Magistrate Judge filed a Report and Recommendation, in which she concluded that Cosgrove's in forma pauperis complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). The form civil complaint completed and filed by Cosgrove asked him to state whether there was a prisoner grievance procedure at the institution, and Cosgrove checked the "Yes" box. He then answered in the negative subsequent questions concerning whether he had pursued those prison remedies, explaining that: "The grievance system wouldn't help or change the fact that I have permanent damage to my

---

[1] We assume "C.E.R.T." is an emergency response team of some sort, although the Complaint does not specifically say so.

2

body." (Complaint, ¶ V (D). In the alternative, the Magistrate Judge concluded that the complaint failed to state an Eighth Amendment claim because the allegations made clear that there was a justifiable need for the use of force in that a guard had been assaulted and taken hostage by a prisoner. See Whitley v. Albers, 475 U.S. 312, 320-21 (1986). See also Hudson v. McMillian, 503 U.S. 1, 7 (1992).[2] More to the point, the Magistrate Judge concluded, the Eighth Amendment does not encompass an excessive force claim by a bystander who was inadvertently harmed. The harm to Cosgrove was inadvertent in that Officer Cappachella did not intend to shoot *him*. Finally, the Magistrate Judge rejected any attempt by Cosgrove to bring the claim under the Due Process clause, concluding that the claim, if valid at all, would have to be brought under the Eighth Amendment.

Cosgrove filed Objections to the Report and Recommendation, in which he stated that he did not file a grievance at the county prison because he was in the hospital for a time, and, once released, he did not think filing a grievance would solve the problems of the permanent damage to his body and mental health. In an order entered on September 8, 2008, the District Court dismissed the complaint and adopted the Magistrate Judge's

---

[2] In assessing a prisoner's claim that excessive force was used in violation of the Eighth Amendment, courts are required to focus on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). Several factors must be considered in applying this test, including: (1) the need for the application of force; (2) the relationship between the need and the amount of force used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response. Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (citing Whitley v. Albers, 475 U.S. 312, 321 (1986)).

Report and Recommendation as the Opinion of the Court. Cosgrove appeals.

Our Clerk advised Cosgrove that his appeal was subject to summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, but he has not done so.

We will summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6, because it clearly appears that no substantial question is presented by this appeal. We have jurisdiction under 28 U.S.C. § 1291. The in forma pauperis statute, under which Cosgrove was proceeding, provides that: "the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Congress has provided that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner must exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) prior to bringing suit. See Booth v. Churner, 532 U.S. 731 (2001).

"Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at 741). Congress enacted this requirement to afford correctional officials the opportunity to address complaints internally and to take corrective action, and, for cases that ultimately wind up in court, the requirement allows

4

for the development of an administrative record that should clarify the controversy. Porter, 534 U.S. at 525.  This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Id. at 532.  Cosgrove stated in his complaint that the Cambria County Prison has a grievance system, and he admits that he voluntarily declined to make use of it.  He did not allege in either his Complaint or Objections that he was prevented from using the grievance process, cf. Brown v. Croak, 312 F.3d 109, 110 (3d Cir. 2002) (assuming that prisoner with failure to protect claim is entitled to rely on instruction by prison officials to wait for outcome of internal security investigation before filing grievance), or that it was somehow not available to him.

Failure to comply with the requirement to first exhaust administrative remedies thus necessitated dismissal of Cosgrove's action without prejudice to the merits of his claim.  Because we reach this conclusion, we do not reach the District Court's alternate determination that Cosgrove's Eighth Amendment, or, in the alternative, substantive due process, claim had no arguable legal merit.  However, we doubt whether the Eighth Amendment claim would be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

---

[3] Whitley, 475 U.S. 312, involved a suit by an inmate who was shot during the quelling of a prison riot.  He had not been active in the riot and had in fact tried to help.  The Supreme Court observed that "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Id. at 319.  "[D]eference extends to a prison security measure taken in response to an actual confrontation with riotous inmates ...," but "[i]t does not insulate from review actions taken in bad faith and for no legitimate purpose."  Id. at 322. Therefore, the factors we identified in Brooks, 204 F.3d at 106, would have to be

5

We will summarily affirm the order of the District Court to the extent the complaint was dismissed for failure to exhaust administrative remedies.

considered.